865 F.2d 269
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kenneth B. McDONALD, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION, Respondent.
 No. 88-3100.
 United States Court of Appeals, Federal Circuit.
 Dec. 16, 1988.
 
 Before MARKEY, Chief Judge, and FRIEDMAN and EDWARD S. SMITH, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of Arbitrator Renfro, (N) ANM-87-1-DEN, sustaining Kenneth B. McDonald's (McDonald) removal by the Federal Aviation Administration (agency) for the "use of marijuana off duty, the use of alcohol and marijuana on the job, and the sale of marijuana," is affirmed.
 
 OPINION
 
 2
 McDonald's assertion that the agency failed to meet its burden of proving the charges against him is without merit. The testimony of Latter, Hollich, and Isenhour clearly support the arbitrator's finding that McDonald "engaged in misconduct which justifies his removal from the service." McDonald's attacks on the credibility of those witnesses fail to establish that the arbitrator abused his discretion in crediting that testimony. See Rogers v. Department of Defense Dependents Schools, 814 F.2d 1549, 1553-54 (Fed.Cir.1987).
 
 
 3
 McDonald's argument that the agency's Notice of Proposed Removal was too vague to afford him sufficient notice of the charges against him is similarly without merit. We agree with the arbitrator that the notice was sufficient, that "the Union cannot sit back and allow the agency to commit what it believes to be a procedural error, then seek reversal on due process grounds," and, in any event, that any technical defect of notice did not prejudice McDonald.
 
 
 4
 We affirm the arbitrator's decision because McDonald has not shown it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Secs. 7121(f) and 7703(c) (1982); Rogers, 814 F.2d at 1552.